#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
#### OXFORD DIVISION

**JAMES HOLLINGER, JR.**                                                  **PLAINTIFF**

                                                                      **NO. 3:19CV00220-JMV**

**ANDREW SAUL**
*COMMISSIONER OF SOCIAL SECURITY*                            **DEFENDANT**

#### OPINION AND ORDER DENYING MOTION
#### TO ALTER OR AMEND JUDGMENT

This cause is before the Court on Plaintiff's motion [22] to alter or amend the September 21, 2020, Final Judgment [19], brought pursuant to FED. R. CIV. P. 59(e). The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having considered the briefing of the parties and applicable law, finds the motion is not well taken for the reasons set out below.

#### Rule 59(e)

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). "[A]mending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.,* 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Group. Inc.,* 342 F.3d 563, 567 (5th Cir. 2003)).

A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). Moreover, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citation omitted).

## Judicial Review of Social Security Cases

Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan,* 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted).

The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen,* 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen,* 862 F.2d 471,

475 (5th Cir. 1988). If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994).

## Discussion

Plaintiff charges that the Court's "judgment is premised on an error of law," requests that the Court grant his motion and "enter a judgment reversing the Commissioner's decision," and submits extensive briefing in support of his position. The Court finds it unnecessary to address Plaintiff's arguments point by point because they are essentially arguments that were or should have been made in the initial briefing phase of this matter and/or during the hearing.[1] Consistent with the Court's ruling, the ALJ's residual functional capacity finding is supported by substantial evidence in the record, and the record supports the ALJ's reasons for rejecting certain medical opinions. Ultimately, Plaintiff would have the Court reweigh the medical opinions in this case and find legal error where there is none. Therefore, because Plaintiff has failed to pinpoint any manifest error committed by this Court, the instant motion is not well taken and is DENIED.

SO ORDERED this 23rd day of November, 2020.

/s/ Jane M. Virden
U.S. Magistrate Judge

---

[1] To the extent Plaintiff attempts to make a listing argument, it is made way too late. Furthermore, the ALJ found Plaintiff's impairments met no listing, and Plaintiff has failed to show his mental impairment met all the criteria of any specific listing.